UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO: 1:06-CV-184

**ELISA D. THOMPSON**
                                                                                                                    **APPELLANT**

V.

**JERRY CRAFTON, SANDRA CRAFTON,
and JASON CRAFTON**
                                                                                                                    **APPELLEES**

### OPINION AND ORDER

This matter is before the Court on appeal from an order of the bankruptcy court. [DN 51]. Debtor-Appellant Elisa D. Thompson ("Thompson") appeals the bankruptcy court's decision to determine the status of a claim brought by Creditor-Appellees, Jerry, Sandra, and Jason Crafton ("the Craftons"). Fully briefed, this matter is ripe for decision. For the following reasons, the Court dismisses the appeal for lack of subject matter jurisdiction.

### I.  BACKGROUND

Debtor-Appellant Thompson voluntarily sought protection under Chapter 13 of the United States Bankruptcy Code. On November 2, 2000, the bankruptcy court granted the Creditor-Appellees' motion to amend its order of confirmation and recognized that the Creditor-Appellees, the Craftons, had unliquidated claims against Thompson which the bankruptcy court would review. On April 19, 2002, the Craftons filed a "Report of Proceedings in Civil Action No. 99-CI-00503 in the Logan Circuit Court and Claim" ("Report"). The bankruptcy court held that this report, combined with the Craftons' other

motions, constituted an informal proof of claim. However, on September 4, 2002, Thompson's bankruptcy case was dismissed due to her failure to comply with Local Rule 13. The records indicate that the Craftons' attorney was served with this order.

On October 28, 2002, the bankruptcy court granted Thompson's motion to reinstate her case. Apparently, neither the Craftons nor their attorney were ever notified of the reinstatement. On February 8, 2006, the bankruptcy court granted Thompson a discharge under 11 U.S.C. §1328(a) after she had made all the payments required under her Chapter 13 plan. When the Craftons and their attorney received notice of the discharge, they filed a motion to reopen the case which the bankruptcy court granted. The Craftons then filed a motion asking the court to determine the status of their claim. The bankruptcy court granted the Craftons' motion and set aside Thompson's discharge for a period of 30 days to allow the Craftons to file a formal proof of claim and to initiate an adversary proceeding contesting the dischargeability of their claim.

Thompson moved the bankruptcy court to reconsider this order and she appealed to this Court upon denial of that motion.

## II. DISCUSSION

### A. Order of Bankruptcy Judge Not Final

Although neither party has raised the issue of jurisdiction, an appellate court "independently evaluates its appellate jurisdiction." United States v. Yeager, 303 F.3d 661, 664 (6th Cir. 2002). Indeed, "the first and fundamental question" that a court must consider is that of jurisdiction. Id.

In order for 28 U.S.C. §158(a) to afford this Court proper subject matter jurisdiction to hear the appeal, the order of the bankruptcy judge must be final. Section 158(a) provides in part:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from <u>final judgments, orders, and decrees</u>;
> ...
> (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.(emphasis added).

Generally, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." <u>Midland Asphalt Corp. v. United States</u>, 489 U.S. 794, 798 (1989) (citations omitted); <u>In re Copper</u>, 314 B.R. 628, 630 (6th Cir. B.A.P. 2004). However, courts consider the finality requirement "in a more pragmatic and less technical way in bankruptcy cases than in other situations." <u>In re Dow Corning Corp.</u>, 86 F.3d 482, 488 (6th Cir.1996); <u>see</u> <u>In re Millers Cove Energy Co., Inc.</u>, 128 F.3d 449, 451 (6th Cir. 1997)("The authors of one treatise note however that '[v]irtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and more flexible than the concept applied in ordinary civil litigation.'"). Thus, in bankruptcy cases, an order that finally disposes of discrete disputes within a larger case may be appealed immediately. <u>In re Dow Corning Corp.</u>, 86 F.3d at 488.

In the present case, Appellant appeals an order from the bankruptcy judge allowing the Craftons to file an adversary proceeding contesting the dischargeability of their claim.

The order by the bankruptcy court is not a final order because it does not decide the issues on the merits and leave nothing for the court to do but execute the judgment. More than merely execute the judgment, the bankruptcy court must now conduct an adversary proceeding to determine the dischargeability of the Craftons' claim. See Bankruptcy Case No. 06-01069. The order that is being appealed requires the filing of an adversary proceeding, and this is the opposite of finality. The order of the bankruptcy judge requires subsequent litigation in order to determine the effect the discharge order had upon the Craftons' claim.

It also appears that the Appellant is appealing the bankruptcy court's decision to reopen her bankruptcy case. However, courts do not view orders reopening bankruptcy cases as final orders. In re Plumlee, 236 B.R. 606, 609-10 (E.D. Va. 1999); see e.g., In re Menk, 241 B.R. 896, 917 (9th Cir. B.A.P. 1999)(describing order reopening case as too "trivial" to warrant appellate review. "Reopening the case, even though not necessary for bankruptcy jurisdiction over the post-closing dischargeability adversary proceeding, was benign."); Gerber v. Fruchter, 147 F.2d 120, 122 (2nd Cir. 1945)("such orders are properly preliminary, if not exploratory in nature, involving no final adjudication of facts, or action adverse to the bankrupt or others, giving them standing to oppose."). This Court agrees that reopening the case is of such little consequence that it does not merit an appeal. The dispositive issue of whether the discharge order discharged Creditor-Appellee's claim will be addressed in the adversary proceeding.

Even if an order reopening the case adjudicated a discrete issue and could be appealed

immediately, Debtor-Appellant filed a notice of appeal on October 10, 2006. The order of the bankruptcy judge reopening the case was entered on March 10, 2006. Thompson did not appeal the bankruptcy judge's order reopening the case within 10 days, as required by the Bankruptcy Rules. See Fed. R. Bankr. P. 8002; Mead v. Helm, 1989 WL 292, *2 (6th Cir. 1989)(unpublished opinion). After 10 days, the order becomes final and unappealable. Mead, 1989 WL 292 at *2. Due to Thompson's failure to appeal the order reopening the case within 10 days of its entry, this Court declines to consider whether the bankruptcy court erred in granting the Craftons' motion to reopen.

**B. Interlocutory Appeal**

Appellant did not specifically request an interlocutory appeal, but a district court, in its discretion, may grant leave to hear an interlocutory order entered by the bankruptcy judge pursuant to 28 U.S.C. § 158(a)(3). A party may seek leave to appeal under 28 U.S.C. §158(a) by following the requirements of Fed. R. Bankr. P. 8003(a).[1] If the party fails to move for leave to appeal but timely files a notice of appeal, the district court may grant leave to appeal, or deny leave but in so doing shall consider the notice of appeal as a motion for leave to appeal. See Fed. R. Bankr. P. 8003(c); Mason v. Massie, 335 B.R. 362, 367-68 (N.D. Ohio 2005).

---

[1] Motion must contain: "(1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal; (2) a statement of those questions and of the relief sought; (3) a statement of the reasons why an appeal should be granted; and (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto. Within 10 days after service of the motion, an adverse party may file with the clerk an answer in opposition."

When a federal court is deciding whether to review an interlocutory appeal, the courts typically apply the standards of 28 U.S.C. § 1292(b). Id. at 369. The United States Court of Appeals for the Sixth Circuit requires the following four elements:

1. The question involved must be one of law;

2. It must be controlling;

3. There must be substantial ground for difference of opinion concerning the correctness of the bankruptcy court's determination; and

4. An immediate appeal must materially advance the ultimate termination of the litigation.

In re Wicheff, 215 B.R. 839, 844 (6th Cir. BAP 1998). "Review under § 1292(b) should be sparingly granted and then only in exceptional cases." Id.

Applying those standards to this case, the Court finds that an interlocutory appeal is unnecessary. This case is not an exceptional case which would warrant such an appeal. Although there are questions of law in Thompson's appeal and the issue of dischargeability is a controlling issue regarding the Craftons' claim, that issue is under consideration in the adversary proceeding ordered by the bankruptcy judge. Furthermore, there is not any substantial ground for disagreement regarding the correctness of the bankruptcy court judge's order. The bankruptcy judge provided a well-reasoned memorandum opinion outlining the common law doctrine of "informal proofs of claims." Finally, Debtor-Appellant has provided no proof that an interlocutory appeal will materially advance the ultimate termination of litigation. A proper determination of the status of the Creditors' claim will accomplish the same finality as this appeal. This Court, therefore, declines to exercise its

discretion to hear an interlocutory appeal concerning the bankruptcy court's August 17, 2006, order.

### III. CONCLUSION

There being no final and appealable order and no circumstances to warrant an interlocutory appeal, the appeal is dismissed. **IT IS SO ORDERED**.

cc: Counsel of Record

    Joan Lloyd, US Bankruptcy Judge
    Clerk, US Bankruptcy Court WD/KY